In the Matter of the Arbitration between NATIONAL EQUIPMENT RENTAL LTD. et al., Respondents, and AMERICAN PECCO CORPORATION, Appellant.

First Department, October 22, 1970.

*Benjamin Busch* of counsel (*Katz & Sommerich,* attorneys), for appellant.

*Joseph Lotterman* for respondents.

EAGER, J. The respondent (Pecco) is appealing a judgment which granted the petitioners' application under CPLR 7503 for a stay of arbitration.

A written agreement, dated January 1, 1968, was entered into between Pecco (the "seller") and the petitioner National Equipment Rental Ltd. (National, the "buyer"), whereby Pecco agreed to sell to National and to erect two giant terminal container loaders to handle cargo at a containerport on Staten Island. The price to be paid by National for the two container loaders (termed "equipment" in the agreement) was fixed by the agreement and it was provided that the equipment and installation thereof should be in accordance with designated "performance requirements and specifications". There were provisions in the agreement for an allowance of a designated sum for inland transportation to "place of delivery, shoreside erection and testing to Specification performance", with the further provision that if designated place of erection and testing "is other than shoreside * * * said allowance for inland transportation, erection and testing shall be separately negotiated."

Pursuant to the election of National, Pecco did install the equipment "other than shoreside" and Pecco contends that it has delivered and installed the equipment fully in compliance with the contract specifications. The parties, however, have failed in their negotiations to agree upon the allowance to be paid to Pecco for the transportation, erection and testing at "other than shoreside".

The agreement contains the broad provision that: "Any controversy or claim arising out of or relating to this agreement or the breach thereof, shall be settled by arbitration in New York City in accordance with the laws of the State of New York by three arbitrators to be appointed pursuant to the Rules of the American Arbitration Association, and said arbitration shall be conducted in accordance with the Rules of said association." By virtue of such provision, Pecco has served a demand for arbitration of the dispute between the parties with reference to the costs and allowances to be paid to it for the installation of the equipment and demands recovery for the same.

As noted, the delivery and erection of the equipment at "other than shoreside" were provided for by the provisions of the written agreement of the parties and such delivery and erection were incidental to the sale covered by the agreement. Consequently, all disputes of the parties arising out of or relating to the same are embraced by the broad arbitration clause contained in the written agreement. Questions of interpretation of the agreement with reference to the erection of the equipment and controversies concerning the rights and obligations of the parties with respect to such erection and the payment therefor are encompassed by the clause. Such questions and controversies arise "within the four corners of the agreement" and are so "logically connected" therewith that arbitration thereof is required (*Matter of Blum Folding Paper Box Co. [Friedlander]*, 27 N Y 2d 35).

The arbitration clause is not rendered inapplicable to such questions and controversies by the provision in the agreement that in the event that the erection "is other than shoreside", the allowance to the seller "for inland transportation, erection and testing shall be separately negotiated". The agreement is fully effective as a valid and comprehensive agreement notwithstanding the failure to therein fix the allowance for the transportation, erection and testing under the contingency specified. (See Uniform Commercial Code, § 2–305.) If the parties are unable to agree upon whether or not there has been due performance on the seller's part or, following negotiations, upon the amount of the allowance to be paid to the seller for the transportation, erection and testing, the seller should not be left without a remedy. The parties, by the general and broad arbitration clause contained in the agreement, as applicable to every aspect thereof, have agreed upon the remedy. The clause may properly be applied to settle questions as to the

interpretation and effect of the particular provisions with reference to the transportation, erection and testing of the equipment under the contingency specified and to enforce the right of the seller to the payment of a reasonable price therefor.

An issue for court determination does not arise in the contention of petitioners that the seller, in its erection and testing of the units and equipment, violated its contractual obligation to " comply with all federal, state and local laws and regulations applicable to the erection and testing of the Equipment at Buyer's designated place of delivery." Compliance with applicable laws and regulations, including the rules of the New York City Fire Department, is not made a condition precedent to arbitration, and the issues with reference thereto, as related to the question of performance on the part of the seller, are clearly arbitrable issues.

The only issues raised in connection with the alleged violation of law or regulation in the installation of the equipment " are those relating to the interpretation of the agreement and the performance required thereunder, which necessarily must fall within the exclusive jurisdiction of the arbitrator under this arbitration clause \* \* \*. Consequently, unless it can be said that performance is barred by statute as a matter of law \* \* \* arbitration may not be stayed. Moreover, to hold otherwise would mean a court determination of the issues relating to the interpretation and performance of the contract and a weakening of the broad public policy favoring arbitration ". (*Matter of Goodman* [*Lazarus*], 15 A D 2d 530, 531.)

The alleged violation of the applicable laws and regulations, including the Fire Department rules, in the installation of the equipment by the seller does not deprive it of its right to arbitration. The agreement itself is not challenged as contrary to law or public policy. The enforcement of the agreement, or redress for a breach thereof, does not so involve a question of public policy or promote such illegality that the court, acting in the public interest, may deny to the seller the benefit of the arbitration agreement. (Cf. *Matter of Aimcee Wholesale Corp.* [*Tomar Prods.*], 21 N Y 2d 621.) Of course, it may be assumed that the arbitrators will not render an award which would require the doing of an act prohibited by law or offensive to public policy. If there is such an award, the court has the power to vacate it.

There is no occasion for the modification by the court of the demand for arbitration to strike therefrom the reservation by the petitioner of " the right to request other and different

relief " in addition to its demand for recovery of the sum allegedly due. The arbitrators are empowered to render such relief as is appropriate to the dispute submitted to them and particularly this is so by virtue of the rules of the American Arbitration Association agreed to be applicable. By virtue of such rules, the arbitrators may grant " any remedy or relief * * * [deemed] just and equitable and within the scope of the agreement of the parties." (See Commercial Arbitration Rules of Amer. Arbitration Assn., § 42. See, also, *Matter of De Laurentiis [Cinematografica]*, 9 N Y 2d 503, 510.) Where, as here, the dispute to be submitted to arbitration is adequately set forth, the court may not properly modify the demand so as to limit the relief which may be awarded by the arbitrators. (Cf. *Matter of Nager Elec. Co. [Weisman Constr. Corp.]*, 29 A D 2d 939.) Neither the court nor the parties may anticipate that the arbitrators will not fashion in a proper manner the appropriate relief fitting the circumstances of the particular case. (See *Matter of Auto Mechanics Lodge No. 1053, Int. Assn. of Machinists [Houdaille Constr. Materials]*, 23 A D 2d 953.)

Finally, we see no merit to the contention of the petitioner American Export Isbrandtsen Lines, Inc. that it did not agree to arbitration. Although not a signatory to the written agreement, it is clear, as a matter of law, upon the record here, that it gave its assent to the written provision for arbitration, and a hearing is therefore unnecessary. (Cf. *Glasser* v. *Price,* 35 A D 2d 98.)

The judgment herein should be reversed, on the law, with costs and disbursements, and the petition for an order staying arbitration should be dismissed with costs, and judgment should be directed compelling petitioners to arbitrate with respondent in accordance with respondent's demand for arbitration, dated February 2, 1970.

STEVENS, P. J., NUNEZ, McNALLY and TILZER, JJ., concur.

Judgment entered on June 5, 1970, unanimously reversed, on the law, and the petition for an order staying arbitration dismissed, and the Clerk directed to enter judgment compelling petitioners to arbitrate with respondent in accordance with respondent's demand for arbitration, dated February 2, 1970, with costs. The appellant shall recover of petitioners-respondents $30 costs and disbursements of this appeal.